IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHEILA T. MULLIS, )
 )
       Plaintiff, )
 )
  v. )      1:11CV22
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social )
Security, )
 )
       Defendant. )

**ORDER**

This matter is before this court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on February 11, 2014, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 13.) In the Recommendation, the Magistrate Judge recommends that the Commissioner's decision finding no disability be reversed and the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). To this extent, the Magistrate Judge recommends that Plaintiff's Motion for a Judgment Reversing or Modifying the Decision of the Commissioner of Social Security, or Remanding the Cause for a Rehearing (Doc. 8) be granted and that Defendant's Motion for Judgment on the Pleadings (Doc. 11) be denied. The Recommendation was served on the parties to this action on

February 11, 2014. Counsel for Commissioner filed timely objections (Doc. 16) to the Recommendation and counsel for Plaintiff responded to the Commissioner's objections (Doc. 17).

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation in full, but will, however, offer a brief explanation of its reasoning.

This case requires this court to determine whether the Administrative Law Judge ("ALJ") made two incompatible conclusions with regard to Plaintiff's disability: (1) that Plaintiff's residual functional capacity ("RFC") limits her to simple, routine, repetitive tasks at a low production pace and low stress environment, and (2) that Plaintiff can perform the

job of Surveillance System Monitor, which means she possesses a "reasoning level" of three.[1] (Recommendation (Doc. 13) at 19-21.)

After acknowledging that federal courts are heavily split on the issue, the Magistrate Judge found that the two conclusions were in conflict, and recommended that the case be remanded to the ALJ to address the issue. (Id. at 23-24.) In her objection, the Commissioner argues that, while there has been a historical split on the issue, courts have recently "trend[ed] towards finding no conflict between Reasoning Level 3 work and a simple work RFC[,]" and urges us to follow several other circuit courts that have reached that conclusion. (Def.'s Obj. to Mem. Op. and Recommendation of United States Mag. J. (Doc. 16) at 5.)

The Fourth Circuit has not addressed this question, which means that there is no binding precedent dictating a particular result in this matter. And, having reviewed the recent opinions released by fellow district courts within the Fourth Circuit, this court is persuaded that the ALJ's two conclusions conflict sufficiently to require remand and clarification. See Graham-Willis v. Colvin, Civil Action No. 1:12-cv-02489-JMC, 2013 WL

---

[1] According to the Dictionary of Occupational Titles (DOT), someone with a reasoning level of three can "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations." (Recommendation (Doc. 13) at 19 n.9 (citing DOT Appx. C).)

6840465, at *7 (D.S.C. Dec. 27, 2013) ("In the District of South Carolina . . . the court has repeatedly found that a limitation to simple or routine tasks conflicts with jobs requiring a GED reasoning level of three and that such a conflict must be addressed and resolved by the ALJ."); Massey v. Colvin, Civil Action No. 3:12-3483-TMC, 2013 WL 6780575, at *8 (D.S.C. Dec. 19, 2013) ("Several district courts in the Fourth Circuit have remanded for further administrative proceedings where the ALJ failed to question the VE as to whether a claimant limited to level 2 or 3 work was capable of performing such work."); Weaver v. Colvin, No. 1:10CV582, 2013 WL 3989561, at *12-13 (Aug. 2, 2013), report and recommendation adopted, 2013 WL 4768178 (M.D.N.C. Sept. 5, 2013) ("[T]he undersigned is persuaded by the reasoning underlying those cases holding that there is an apparent conflict between jobs requiring a reasoning level of three and a claimant's limitation to simple, routine, repetitive jobs."); Reid v. Astrue, Civil Action No. 6:10-2118-MBS-KFM, 2012 WL 667164 (D.S.C. Feb. 8, 2012), report and recommendation adopted, 2012 WL 663482 (D.S.C. Feb. 29, 2012); Hardy v. Astrue, No. 5:10-CV-293-FL, 2011 WL 2899148 (E.D.N.C. June 27, 2011), report and recommendation adopted, 2011 WL 2881544 (E.D.N.C. July 18, 2011); Taylor v. Astrue, No. 5:10-CV-263-FL, 2011 WL

1599679 (E.D.N.C. Mar. 23, 2011), report and recommendation adopted, 2011 WL 1599667 (E.D.N.C. Apr. 26, 2011).

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 13) is **ADOPTED**. **IT IS FURTHER ORDERED** that Plaintiff's Motion for a Judgment Reversing or Modifying the Decision of the Commissioner of Social Security, or Remanding the Cause for a Rehearing (Doc. 8) is **GRANTED,** that Defendant's Motion for Judgment on the Pleadings (Doc. 11) is **DENIED,** that the Commissioner's decision finding no disability is **REVERSED,** and that this action is **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 29th day of May, 2014.

/s/ William L. Osteen, Jr.
_____
United States District Judge